UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROADWAY GRILL, INC.,<br>　　　　Plaintiff,<br>　　v.<br>VISA INC., et al.,<br>　　　　Defendants. | Case No. 16-cv-04040-PJH<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. Nos. 9, 21 |

　　　　Before the court is plaintiff Broadway Grill, Inc.'s motion to remand. Dkt. 9. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for August 31, 2016 is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES the motion, for the following reasons.

## BACKGROUND

　　　　This is a putative class action brought by plaintiff Broadway Grill, Inc. ("Broadway Grill") against defendants Visa Inc., Visa International Service Association, and Visa U.S.A. Inc. (collectively, "Visa"), based on alleged antitrust violations in the setting of "interchange fees" that are imposed on merchants who accept Visa-branded credit cards. See Class Action Complaint ("CAC"), Dkt. 1-1, at ¶¶ 1–5. The action, which only asserts violations of California state law, was originally filed in San Mateo County Superior Court on July 12, 2016. Id. at 1. On July 18, 2016, Visa removed this action to federal court on the basis of the Class Action Fairness Act ("CAFA"). Dkt. 1.

///

Plaintiff admits that its claims are "substantially similar" to those at issue in the multi-district litigation In re Payment Card Interchange Fee and Merchant District Antitrust Litigation, MDL No. 1720 (E.D.N.Y.) ("MDL 1720").  CAC ¶ 88.  In fact, plaintiff's complaint relies on the factual similarity between this case and MDL 1720 in order to toll the applicable statutes of limitation.  CAC ¶ 87.

MDL 1720 consolidated dozens of cases and has been the subject of over a decade of litigation.  The district court granted final approval of a class settlement on December 13, 2013.  In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig., 986 F. Supp. 2d 207, 241 (E.D.N.Y. 2013).  The litigation proceeded with respect to class members who have opted out.  On June 30, 2016, the Second Circuit reversed and vacated the district court's class certification and approval of the settlement, and remanded for further proceedings.  See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig., No. 12-4671-CV, 2016 WL 3563719 at *12 (2d Cir. 2016).

Plaintiffs' state court complaint followed two weeks later.  A day after removal, Visa filed a notice before the Judicial Panel on Multidistrict Litigation ("JPML") that this case was a potential "tag along" action to MDL 1720, and requested that the matter be "transferred to the United States District Court for the Eastern District of New York."  MDL No. 1720, Dkt. 343.  On July 21, the JPML entered a conditional transfer order that would transfer the case to the MDL being handled by Judge Margo K. Brodie of the Eastern District of New York.  Id. Dkt. 347.  Broadway Grill has opposed the conditional transfer order.  Id. Dkt. 361.  Briefing is ongoing; the JPML is set to consider the matter on September 29, 2016, see id. Dkt. 357, and will likely issue a ruling on the motion to transfer shortly thereafter.  See Mayo Decl. ¶¶ 7–10, Dkt. 12.

Plaintiff brought the instant motion to remand on July 22, 2016, asserting that removal was improper because this court lacks jurisdiction under CAFA.  Plaintiff also filed a motion to accelerate the briefing schedule so that this court would decide the motion to remand before the JPML acts, which this court denied on July 26.  Dkt. 14.

///

**DISCUSSION**

**A.   Legal Standards**

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court.  28 U.S.C. § 1441; Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 7–8 (1983) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.") (citation omitted).

CAFA provides that district courts have original jurisdiction over any class action in which: (1) the number of members of all proposed plaintiff classes in the aggregate is 100 or more; (2) the claims of the individual class members, in the aggregate, exceed the sum of $5,000,000 exclusive of interest and costs; and (3) "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d).  In other words, CAFA requires only "minimal diversity" among the parties.  Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 680 (9th Cir. 2006).

"[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction."  Abrego Abrego, 443 F.3d at 685.  Thus, Visa has the burden to establish a prima facie case that CAFA applies.  Id.  However, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court."  Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014).  In order to determine whether the removing party has met its burden, a court may consider the contents of the removal petition and "summary-judgment-type evidence."  Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004).

If the removing party has met its burden to show that the requirements of CAFA are met, the burden shifts to the party opposing removal—here, the plaintiff—to prove that an exception to CAFA applies.  Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1021–22 (9th Cir. 2007).  CAFA's "home-state controversy" exception provides that the court

1 must decline jurisdiction and remand the case where two-thirds or more of the members of the putative class, and all the primary defendants, are citizens of the state in which the action was originally filed.  28 U.S.C. § 1332(d)(4)(B); Serrano, 478 F.3d at 1022.

**B.   Analysis**

    **1.   Whether the Court Should Defer Decision on the Remand Motion Until After the JPML Acts**

As an initial matter, Visa urges this court to stay the case or defer any action on the motion to remand until the JPML resolves the motion to transfer.  The court will decline the invitation and consider the merits of the motion to remand.

Courts have divided on the issue of whether motions to remand should be decided before the JPML resolves a transfer order, or whether proceedings should be stayed until the JPML acts.  Compare, e.g., Sobera v. DePuy Orthopaedics, Inc., No. 14-CV-00979-SC, 2014 WL 1653077, at *2 (N.D. Cal. Apr. 24, 2014) (granting stay and noting that "[c]ourts in this district have regularly considered motions to stay before motions to remand.") with Tortola Restaurants, L.P. v. Kimberly-Clark Corp., 987 F. Supp. 1186, 1188 (N.D. Cal. 1997) (granting remand and noting that "[a] putative transferor court need not automatically postpone rulings on pending motions . . . merely on grounds that an MDL transfer motion has been filed."); see generally Meyers v. Bayer AG, 143 F. Supp. 2d 1044, 1047 (E.D. Wis. 2001) ("Courts have divided . . . sometimes granting motions to remand and sometimes deferring consideration of such motions to the JPML by granting stays.").

In Jones v. Bristol-Myers Squibb Co., No. C 13-2415 PJH, 2013 WL 3388659 (N.D. Cal. July 8, 2013), this court stayed proceedings and deferred ruling on a motion to remand pending transfer to the Plavix MDL in the District of New Jersey.  Id. at *5.  The court cited three factors to consider in deciding whether to grant a stay in light of a motion to transfer to an MDL:  "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated."  Id.

at *2 (citing Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)). In addition, deference to the MDL court for resolution of a motion to remand often provides "the opportunity for uniformity, consistency, and predictability that underlies the MDL system." Jones, 2013 WL 3388659, at *2 (citation omitted).

The case for a stay in this case is not nearly as strong as in Jones. In particular, this is not a situation where there are multiple cases raising identical issues that, for reasons of judicial efficiency and consistency, are best resolved once by the MDL court. Application of the Rivers factors does not weigh in favor of stay here. As to the first factor, it is true that the prejudice to plaintiff from delay is slight: a stay until the MDL acts will delay the case, which is at a very early posture, for only a month or so. If the case is transferred, plaintiff will still be able to raise his remand arguments before the MDL court. On the other hand, under the second factor, there is no great hardship to the defendant either. Unlike the situation in Jones, there is no common issue presented in a number of cases raising the specter of inconsistent rulings and duplicative litigation by the defendant. The final factor—conservation of judicial resources—weighs against a stay here. This court has already read the papers, the issues presented in the motion to remand are not particularly complex, and the issues presented are individual to this litigation. The court is not required to wait until the JPML acts, see Tortola Restaurants, 987 F. Supp. at 1188; Burse v. Purdue Pharma Co., No. C-04-594 SC, 2004 WL 1125055, at *1 (N.D. Cal. May 3, 2004), and there is no reason to delay a ruling on the motion to remand.

**2.    Plaintiff's Objections to the Steinmetz Declaration**

Before turning to the merits, the court must address an evidentiary matter. In support of its notice of removal, Visa attached a declaration from Robert Steinmetz, on which Visa relies to show that CAFA jurisdiction exists. See Dkt. 1-5. In the declaration, Steinmetz avers that he is a Vice President at Visa, with responsibilities including "management of relationships between Visa and merchants to encourage acceptance and usage of Visa-branded payment cards at merchants located in California." Id. ¶ 1.

1  Steinmetz states that, according to "records and publicly available information, a
2  significant number of merchants that are both incorporated and headquartered in states
3  other than California . . . accept Visa-branded payment cards in California." Id. ¶ 3.
4      Plaintiff objects to this declaration on a number of grounds, which essentially boil
5  down to a lack of foundation. Plaintiff argues that the "fact that [Steinmetz] is Vice
6  President at Visa . . . is insufficient to demonstrate that he has knowledge about the
7  records of Visa or public information." Dkt. 19-1 at 2. Plaintiff argues that the declaration
8  should include "how he obtained the information and the specific records from which he
9  obtained the information." Id.
10     The court OVERRULES plaintiff's objection. While the declaration could contain
11 more detail about the process, Steinmetz avers that he has "personal knowledge" of the
12 facts he declares, and as a Vice President at Visa, he would have access to records
13 about merchants that accept Visa-branded cards in California. The court finds that this is
14 an adequate foundation to consider the evidence.

15     **3.   Visa Has Established an Initial Case for CAFA Jurisdiction**

16     The court concludes that Visa has established a prima facie case for CAFA
17 jurisdiction in its notice of removal. As Broadway Grill concedes, the evidence is clear
18 that CAFA's amount-in-controversy and class size requirements are met. See Mot. at 5
19 n.7. The CAC alleges "billions in damages," and the Steinmetz declaration shows that
20 more than 100 merchants in California accept Visa-branded cards.
21     The remaining issue is whether there is minimal diversity. The court finds that, as
22 it is currently defined, the putative class may include non-California citizens. The class
23 encompasses "[a]ll California individuals, businesses, and other entities who accepted
24 Visa-Branded Cases in California since January 1, 2004 and continuing through the date
25 of trial." CAC ¶ 89. Visa argues, with textual support from the complaint, that this
26 definition reaches any "California merchant" doing business in California that accepts
27 Visa cards. See CAC ¶ 81 ("Plaintiff and the class it seeks to represent are all California
28 merchants who accept Visa branded credits cards . . . ."). Nowhere does the complaint

explicitly limit the class's scope based on state citizenship. It stands to reason that of all the businesses in California who accept Visa cards, some are entities headquartered and incorporated out-of-state. The Steinmetz declaration provides sufficient evidentiary support for this inference. As a result, the court finds that minimal diversity under CAFA exists under the class definition as it is currently pled.

Plaintiff's counsel, however, aver that they intended the class to cover only California citizens. See Bovis Dec. ¶ 3, Dkt. 9-1. While this is a possible way to define the terms "California individuals" and "California [ ] businesses," there is no such limitation in the complaint restricting these terms to California citizens. This uncertainty could have been avoided if the CAC had been more precise in its class definition.

In its reply brief, Broadway Grill urges that it be allowed to amend the CAC to "clarify" the class definition. As a general rule, "post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court." Williams v. Costco Wholesale Corp., 471 F.3d 975, 976 (9th Cir. 2006); see also Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998). However, the Ninth Circuit recently held that, in the context of CAFA, "plaintiffs should be permitted to amend a complaint after removal to clarify issues pertaining to federal jurisdiction under CAFA." Benko v. Quality Loan Serv. Corp., 789 F.3d 1111, 1117 (9th Cir. 2015). Following Benko, courts in this district have considered amended complaints or granted leave to amend to clarify jurisdictional issues under CAFA. See, e.g., Chen v. eBay Inc., No. 15-CV-05048-HSG, 2016 WL 835512, at *3 (N.D. Cal. Mar. 4, 2016); In re Anthem, Inc. Data Breach Litig., 129 F. Supp. 3d 887, 894–96 (N.D. Cal. 2015).

Unlike these cases, however, Broadway Grill has not yet amended its complaint or formally sought leave of the court to do so. Instead, Broadway relies on attorney declarations about its purported intent in the class definition, urging the court to "deem" the complaint amended on this basis. Reply at 10 (Dkt. 19). The court will not do so, especially since the matter was first raised in the reply brief. If Broadway Grill wishes to

amend its complaint under Benko to clarify that the putative class is limited to only California citizens, it must actually amend its complaint. Of course, such amendment will require a formal motion for leave of the court to amend, or the consent of the defendants. Fed. R. Civ. P. 15(a)(2).

### 4. Plaintiff Has Not Established that the "Home-State" Exception Applies

Because Visa has established a prima facie case for CAFA jurisdiction, the burden shifts to Broadway Grill to show that a CAFA exception applies. Broadway Grill argues that the "home-state controversy" exception applies here, because two-thirds or more of the members of the putative class, and all the primary defendants, are citizens of California. 28 U.S.C. § 1332(d)(4)(B). Visa concedes that all of the primary defendants are citizens of California, Dkt. 15 at 3 n.1, but disputes that there is evidence showing that two-thirds of the putative class are California citizens.

The court finds that Broadway Grill has not met its burden. The sole evidence it offers is a report of the U.S. Small Business Administration entitled "Small Business Profile – California." Dkt. 9-2 Ex. E. This document states that 99.2% of business in California are small businesses. It says nothing about the citizenship of these small businesses. As a result, several unsupported inferences are needed to establish that most merchants who accept Visa branded cards in California are California citizens. First, we do not know how many of these small businesses accept Visa-branded credit cards. Second, it is not obvious that every small business doing business in California is necessarily a California citizen. For example, businesses along the state border may be run by out-of-state individuals.

Plaintiff urges the court to apply its "common sense" to infer that more than two thirds of the class are California citizens. While it does seem likely that this is the case, there is insufficient evidence in the record upon which to make a finding. The Ninth Circuit has made clear that a "jurisdictional finding of fact should be based on more than guesswork." Mondragon v. Capital One Auto Fin., 736 F.3d 880, 884 (9th Cir. 2013).

///

In the alternative, Broadway Grill requests jurisdictional discovery to prove that the home-state exception applies to this case.  Because Broadway Grill has indicated that it intends to seek leave to amend its complaint, which may moot this issue, the court DENIES the request to take jurisdictional discovery.

## CONCLUSION

For the foregoing reasons, the court DENIES plaintiff's motion to remand.  If Broadway Grill wishes to amend/clarify its complaint pursuant to Benko, it must file a formal motion for leave to amend the complaint or obtain consent from the defendants.  As the hearing set for August 31, 2016 is hereby VACATED, Visa's request for oral argument (Dkt. 21) is DENIED as moot.

**IT IS SO ORDERED.**

Dated:  August 29, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge