United States District Court
Northern District of California

1

2

3

4          UNITED STATES DISTRICT COURT

5         NORTHERN DISTRICT OF CALIFORNIA

6

7    BROADWAY GRILL, INC.,

8              Plaintiff,                Case No.  16-cv-04040-PJH

9         v.
                                         **ORDER GRANTING MOTION FOR**
10   VISA INC., et al.,                   **LEAVE TO FILE AMENDED**
                                         **COMPLAINT AND RENEWED MOTION**
11            Defendants.                 **TO REMAND**

12                                        Re: Dkt. No. 24

13

14         Before the court is plaintiff Broadway Grill, Inc.'s motion to for leave to file an

15   amended complaint and to remand the case to state court.  Dkt. 24.  The matter is fully

16   briefed and suitable for decision without oral argument.  Accordingly, the hearing set for

17   October 5, 2016 is VACATED.  Having read the parties' papers and carefully considered

18   their arguments and the relevant legal authority, and good cause appearing, the court

19   hereby GRANTS the motion, for the following reasons.

20                              **BACKGROUND**

21         This is a putative class action brought by plaintiff Broadway Grill, Inc. ("Broadway

22   Grill") against defendants Visa Inc., Visa International Service Association, and Visa

23   U.S.A. Inc. (collectively, "Visa"), based on alleged antitrust violations in the setting of

24   "interchange fees" that are imposed on merchants who accept Visa-branded credit cards.

25   See Dkt. 1-1, at ¶¶ 1–5.  The factual background of the case is explained in the court's

26   August 29, 2016 order.  See Dkt. 23.

27         In that order, the court denied plaintiff's motion to remand because "as it is

28   currently defined, the putative class may include non-California citizens."  Id. at 6.  The

original complaint's putative class definition reached "'[a]ll California individuals, businesses, and other entities who accepted Visa-Branded Cases in California.'"  Id.  As a result of this definition, there was minimal diversity among the parties and federal jurisdiction under the Class Action Fairness Act ("CAFA") precluded remand.  Id. at 7.  The court denied plaintiff's request to "clarify" the class definition, because the matter was first raised in reply and plaintiff "has not yet amended its complaint or formally sought leave of the court to do so."  Id.

In the instant motion, plaintiff seeks leave to amend its complaint to clarify that the putative class is limited to California citizens.  Dkt. 24 ("Mot.").  Plaintiff's proposed amendments change the class definition from "All California individuals, businesses and other entities who accepted Visa-Branded Cards . . . ." to "All California citizens who are individuals, businesses and other entities who accepted Visa-Branded Cards . . . ."  See Proposed Amended Class Action Complaint ("PAC"), Dkt. 24-1 Ex. 1 ¶ 89 (emphasis added).  The amendments also insert the word "citizens" in several places to clarify that the putative class is limited to "California citizens who are merchants," not all "California merchants."  See, e.g., PAC ¶ 3.  Broadway Grill argues that its amendments only "clarify" the class definition, without changing the substantive allegations.  Broadway Grill's motion further argues that, upon filing of the amended complaint, the case must be remanded back to state court.

## DISCUSSION

### A.    Legal Standard

#### 1.    Leave to Amend

Under Federal Rule of Civil Procedure 15, a party may amend its pleading as matter of course within 21 days.  Fed. R. Civ. P. 15(a)(1).  Thereafter, amendment requires either the opposing party's written consent or the court's leave.  Fed. R. Civ. P. 15(a)(2).  However, courts should "freely give leave when justice so requires."  Id.  In deciding whether to grant a motion for leave to amend, the court considers bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the

1    moving party has previously amended the pleading.  In re W. States Wholesale Natural

2    Gas Antitrust Litig., 715 F.3d 716, 738 (9th Cir. 2013).  Of these factors, the consideration

3    of prejudice to the opposing party carries the greatest weight.  Eminence Capital, LLC v.

4    Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).  "The party opposing amendment

5    bears the burden of showing prejudice."  See DCD Programs, Ltd. v. Leighton, 833 F.2d

6    183, 187 (9th Cir.1987).

         **2.      CAFA Jurisdiction**

7

8            CAFA provides that district courts have original jurisdiction over any class action in

9    which: (1) the number of members of all proposed plaintiff classes in the aggregate is 100

10   or more; (2) the claims of the individual class members, in the aggregate, exceed the

11   sum of $5,000,000 exclusive of interest and costs; and (3) "any member of a class of

12   plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d).  In

13   other words, CAFA requires only "minimal diversity" among the parties.  Abrego Abrego

14   v. The Dow Chemical Co., 443 F.3d 676, 680 (9th Cir. 2006).

15           "[U]nder CAFA the burden of establishing removal jurisdiction remains, as before,

16   on the proponent of federal jurisdiction."  Abrego, 443 F.3d at 685.  Thus, Visa has the

17   burden to establish a prima facie case that CAFA applies.  Id.  However, "no antiremoval

18   presumption attends cases invoking CAFA, which Congress enacted to facilitate

19   adjudication of certain class actions in federal court."  Dart Cherokee Basin Operating

20   Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014).  In order to determine whether the

21   removing party has met its burden, a court may consider the contents of the removal

22   petition and "summary-judgment-type evidence."  Valdez v. Allstate Ins. Co., 372 F.3d

23   1115, 1117 (9th Cir. 2004).

24   **B.      Analysis**

25           Broadway Grill's motion raises two issues: (1)  whether the court should grant

26   leave to amend the complaint; and (2) whether the court should consider the amended

27   class definition in determining federal jurisdiction and remand on that basis.

28   ///

United States District Court
Northern District of California

### 1.     Leave to Amend

Of the factors to consider when evaluating a motion for leave to amend, Visa only alleges prejudice.  Visa's sole argument for prejudice is based on the fact that the subject matter of this case is similar to that of a pending MDL proceeding.  See In re Payment Card Interchange Fee and Merchant District Antitrust Litig., MDL No. 1720 (E.D.N.Y.) ("MDL 1720").  Visa argues that it should not be forced "to litigate duplicative claims against the same putative class members" in two separate courts.  Opp'n at 9

Visa bears the burden of proving prejudice.  See DCD Programs, 833 F.2d at 187. Visa cites no authority for this proposition that having to litigate in both state court and an MDL constitutes "undue prejudice."  On the contrary, it is a fact of our federal system that cases involving similar allegations are, at times, simultaneously in both state and federal court.  In any event, this inconvenience to Visa cannot cure this court's lack of subject matter jurisdiction.  Broadway Grill, as plaintiff, is entitled to choose the original forum and define the putative class as it chooses.  This case is at a very early stage, and there is no bad faith or undue delay by plaintiff.  Visa will not be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence" as result of the amendment.  Witt v. Martinez, No. C-91-4213 SBA, 1992 U.S. Dist. LEXIS 13571, at *6 (N.D. Cal. July 15, 1992).

Accordingly, the court GRANTS Broadway Grill's motion for leave to amend.

### 2.     The Renewed Motion to Remand

Broadway Grill's motion further requests that, if leave to amend is granted, the case must be remanded because this court lacks subject matter jurisdiction under CAFA. As this court explained in its prior order:

> As a general rule, "post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court." Williams v. Costco Wholesale Corp., 471 F.3d 975, 976 (9th Cir. 2006); see also Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998).  However, the Ninth Circuit recently held that, in the context of CAFA, "plaintiffs should be permitted to amend a complaint after removal to clarify issues pertaining to federal jurisdiction under CAFA."

4

1
2
3
4

Benko v. Quality Loan Serv. Corp., 789 F.3d 1111, 1117 (9th Cir. 2015). Following Benko, courts in this district have considered amended complaints or granted leave to amend to clarify jurisdictional issues under CAFA. See, e.g., Chen v. eBay Inc., No. 15-CV-05048-HSG, 2016 WL 835512, at *3 (N.D. Cal. Mar. 4, 2016); In re Anthem, Inc. Data Breach Litig., 129 F. Supp. 3d 887, 894–96 (N.D. Cal. 2015).

5

See Dkt. 23 at 7.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

The court finds that the proposed clarifications in this case fall squarely within the Ninth Circuit's holding in Benko that "[w]here a defendant removes a case to federal court under CAFA, and the plaintiffs amend the complaint to explain the nature of the action for purposes of our jurisdictional analysis, we may consider the amended complaint to determine whether remand to the state court is appropriate." 789 F.3d at 1117. Functionally, the amendments here do no more that change the scope of the class from California-resident merchants to California citizens. This type of post-removal amendment has been commonly approved in this district. See Chen, 2016 WL 835512, at *3 ("In the wake of Benko, several courts in this circuit have permitted plaintiffs to clarify that their class definitions include state 'citizens' rather than 'residents,' thereby negating CAFA jurisdiction."); Turner v. Corinthian Int'l Parking Servs., No. C 15-03495 SBA, 2015 U.S. Dist. LEXIS 162503, at *8 (N.D. Cal. Dec. 1, 2015) (allowing amendment to clarify that "non-California citizens are excluded from the class definition"); In re Anthem, 129 F. Supp. 3d at 894–96 (allowing clarification that changed "resident" to "citizen" in the class definition, and remanding the matter in light of the resulting lack of minimal diversity).[1]

22
23

Broadway Grill's original class definition was ambiguous, but it is "susceptible to Plaintiff's asserted interpretation" that the class was limited to California citizens. Turner,

24

25
26
27
28

---

[1] The three cases cited by Visa in which the courts refused to consider an amended complaint are all clearly distinguishable. They either involve evidence of the amount in controversy developed during discovery that changed the class definition, see Salcido v. Evolution Fresh, Inc., No. 214CV09223SVWPLA, 2016 WL 79381, at *1 (C.D. Cal. Jan. 6, 2016); Sanchez v. The Ritz Carlton, No. CV153484PSGPJWX, 2015 WL 4919972, at *2 (C.D. Cal. Aug. 17, 2015), or the much more significant change from a nationwide class to a California class, see Rossetti v. Stearn's Prod., Inc., No. CV 16-1875-GW(SSX), 2016 WL 3277295, at *1 (C.D. Cal. June 6, 2016).

1   2015 U.S. Dist. LEXIS 162503 at *9.  The amendments only clarify that the putative class

2   definition was based on citizenship.

3          As Visa concedes, all of the defendants are citizens of California.  <u>See</u> Dkt. 15 at 3

4   n.1.  After amendment, all members of the plaintiff class, by definition, are California

5   citizens as well.  Thus, there is no minimal diversity among the parties after amendment.

6   Remand is therefore appropriate as this court lacks jurisdiction under CAFA, the sole

7   basis for jurisdiction alleged in the Notice of Removal.  <u>See</u> Dkt. 1.

8                                    **CONCLUSION**

9          For the foregoing reasons, plaintiff's motion for leave to amend the complaint is

10  GRANTED.  Plaintiff's renewed motion to remand on the basis of the amended complaint

11  is also GRANTED.  The hearing scheduled for October 5, 2016 is VACATED.

12         Plaintiff shall file its proposed amended complaint (Dkt. 24-2) no later than

13  **September 28, 2016**.  Upon the filing of the amended complaint, it is further ORDERED

14  that the Clerk immediately effect the REMAND back to the Superior Court of California,

15  San Mateo County, and close the case on this court's docket.

16         **IT IS SO ORDERED.**

17  Dated:  September 27, 2016

18

19  _____

20  PHYLLIS J. HAMILTON
    United States District Judge

21

22

23

24

25

26

27

28